Epping vs. Tunstall.

---

CARL EPPING, plaintiff in error, *vs.* CORINNE TUNSTALL *et al.*, defendants in error.

1. A special verdict, upon issues submitted by the court in an equity cause, having found the title to lands to be in certain defendants to the bill, the decree of the chancellor thereon vesting the title in said defendants, is valid and legal. There being no exception to the proceedings during the trial of the cause, but only to the legality of the decree, the presumption is that the law in respect to title to land was fairly submitted to the jury. and they had a right to pass upon the question of title as the main issue submitted to them.

2. Where a younger grantee, sued at law by the holder of the older and better title, goes himself into equity, on the ground that he has made valuable improvements upon the land, and prays for compensation therefor, and the jury, in a special verdict, find that the net amount of wharfage realized by the complainant from the wharves, has been greater than the amount he expended on them, with interest, and that the defendants were unacquainted with the fact that they had any title to the land when the complainant obtained the grant and erected the wharves, though they knew he was erecting the wharves, a decree which denies him further compensation follows the verdict, and is legal and valid.

Equity. Decrees. Verdict. Improvements. Before Judge TOMPKINS. McIntosh Superior Court. November Adjourned Term, 1875.

Reported in the opinion.

JACKSON, LAWTON & BASINGER; L. E. B. DeLorme, for plaintiff in error.

RUFUS E. LESTER; W. R. GIGNILLIAT, for defendants.

JACKSON, Judge.

Epping, under the headright laws, Code, section 2364 *et seq.*, granted a parcel of land in the county of McIntosh, in the year 1871, and improved it by the erection of wharves thereon. Two actions of ejectment were brought against him by different claimants, founded, one of them at least, represented by the defendants in error, on an older grant, dated in 1833. Epping filed a bill setting up that he had pursued the headright law and granted the land and improved it at great cost, and that defendants had knowledge of the improvements and stood by and allowed him to go on, and thus defrauded him. The ejectment suits were enjoined and the case was tried on the bill. The jury found a special verdict in response to written questions by the court; on this finding the chancellor made a decree, and the complainant, Epping, excepted to this decree as not authorized by the verdict; not a legal, valid decree thereon; and the sole question for us is, did the verdict authorize the decree? No exception is taken to any of the proceedings before verdict, or to the verdict, but to the decree only.

What is the special verdict? And what the decree? It is necessary only to consider the points in the special verdict, in the view we entertain of the law. They found that the legal title was in the defendants, Henry Yonge and Corinne Tunstall; and that the net amount of wharfage realized by the complainant from the wharves had been greater than the amount he expended on them, with interest; and that the defendants were unacquainted with the fact that they had any title to the land when Epping obtained the grant and erected the wharves, though they knew he was erecting the wharves.

On this verdict the chancellor decreed that the defendants, Corinne Tunstall and Henry Yonge, recover the land, and that the ejectment suits he enjoined perpetually, etc.

1. We think the decree right. The jury found the title in defendants; the presumption is that the judge tried the case right and charged the law in respect to title right. So that as to the title the decree is right, unless the defendants were guilty of fraud. Were they? The jury found that they did not know they had the title to this land when Epping got it and built the wharves; how then can they be charged with fraud? Besides, it was Epping who appealed to equity against their title, and in such case he could hardly claim compensation. If the defendants had gone into chancery, then they would have been required to do equity and pay for the improvements at least to the extent of *mesne* profits: 55 *Georgia Reports*, 519.

2. But the jury find that he has received in net wharfage more than enough to pay for the improvements he erected. How then is he hurt at all? We cannot see. He grants the land which has already been granted and belongs to others, makes improvements thereon, pays himself for the improvements in the rents, issues and profits, has a clear balance left, and yet complains. We think the complaint wholly without foundation.

Judgment affirmed